UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION at PIKEVILLE

ERIC PORTER,

    Petitioner,

V.

GREGORY KIZZIAH, Warden,

    Respondent.

Civil Action No. 16-109-KKC

**MEMORANDUM OPINION AND ORDER**

\*\*\* \*\*\* \*\*\* \*\*\*

Eric Porter is an inmate at USP-Hazelton, a federal prison in West Virginia. Proceeding pro se, Porter filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. [R. 1]. In Porter's petition, he challenged a 2014 decision by the U.S. Parole Commission denying his parole application. [R. 1 at 1]. Porter argued that the Commission unlawfully relied on newer parole guidelines that treated his prison disciplinary infractions more harshly than earlier versions. [R. 1 at 4-6].

The Court conducted an initial screening of Porter's petition and determined that it was deficient in a key respect. [R. 10]. The Court explained that Porter provided almost no details regarding the facts of his case, and he did not attach a copy of the Parole Commission's decision denying his application. Thus, the Court had no way of determining whether the Parole Commission actually ran afoul of the Constitution, as Porter suggested it did. The Court therefore directed Porter to file a supplemental memorandum explaining the factual and legal bases for his petition and attach a copy of the Parole Commission's decision. [R. 10 at 1-2].

Porter has now filed his supplemental memorandum and attached numerous documents, including a copy of the Parole Commission's decision. [R. 13 through R. 13-10]. Porter's latest

submissions establish that, in 1991, he was convicted of multiple crimes in the Superior Court of the District of Columbia and sentenced to a total prison term of 21 years to life. [R. 13-2]. Eventually, in February 2014, the Parole Commission considered and denied Porter's parole application. [R. 13-5]. Porter now repeats the sole argument he made in his habeas petition—that the Parole Commission ran afoul of the Ex Post Facto Clause and other sources of law by applying parole guidelines that it issued in 2000, instead of applying the parole guidelines that it issued in 1987 and were in place at the time Porter committed his offenses. [R. 13-1 at 3-5].

Porter's argument, however, is plainly without merit. That is because the Parole Commission clearly stated in its decision denying Porter's parole application that it "applied the D.C. board of Parole's 1987 guidelines to the initial decision in [Porter's] case." [R. 13-5 at 2]. Thus, Porter's single argument that he made in his habeas petition, that the Parole Commission improperly applied its 2000 Guidelines, is simply unavailing.

Accordingly, it is **ORDERED** as follows:

1. Porter's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 [R. 1] is **DENIED**.

2. This action is **DISMISSED** and **STRICKEN** from the Court's docket.

3. A corresponding judgment will be entered this date.

Dated June 29, 2017.

KAREN K. CALDWELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY